THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:20-CT-03322-M

| | |
|---|---|
| RONALD KEITH SUTHERLAND, | |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ALL CLAIMS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FAILURE TO STATE A CLAIM** |
| v. | |
| JOHN SAPPER, *et al.* | |
| Defendants. | |
| | 42 U.S.C. § 1997e(a), 12(B)(6), 12(C) |

NOW COME Defendants Ashley Hughes, Sean Dillard, John Sapper, Kimberly Grande, and Larry Dail (hereinafter "Moving Defendants"), by and through assistant Attorney General J. Locke Milholland, IV, hereby filing this memorandum of law in support of their Motion to Dismiss the Plaintiff's Complaint [D.E. 1] The Plaintiff's claims are barred for failure to exhaust his administrative remedies prior to filing this action as required by the Prisoner Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) ("PLRA") and for failing to state a claim upon which relief can be granted pursuant to rule 12(b)(6) and 12(c) of the federal rules of civil procedure. .

### STATEMENT OF THE CASE

Plaintiff filed his complaint in this action on October 16, 2020. DE-1. Plaintiff motioned to amend his complaint on November 12, 2021. Plaintiff also filed a note to the clerk, DE-7; a motion to compel access to a notary, DE-7; a motion compelling Defendants to show cause, DE-8; a motion to have counsel appointed, DE-11. A frivolity order was entered on June 9, 2021

granting Plaintiff's motion to amend and allowing the action to proceed. DE-12. Prisoner Legal Services filed a notice of nonrepresentation on September 24, 2021. DE-27. Plaintiff propounded discovery pro se on September 27, 2021 by filing with the court. DE-28. Defendants timely answered the complaint on September 27, 2021. DE-29. The Court entered a case management order on September 27, 2021 requiring discovery to be completed by December 27, 2021 and for dispositive motions to be filed by January 26, 2022. DE-30.

Defendants' responses to Plaintiff's discovery were due on October 28, 2021. Defendants required additional time to gather documents and otherwise complete responses to Plaintiff's requests and motioned for an extension of time. DE-32. The motion was granted ordering responses due by November 29, 2021. DE-33.

Plaintiff filed a second set of discovery on December 3, 2021. DE-36.

## STATEMENT OF FACTS

Columbus CI inmate/Plaintiff, Ronald Keith Sutherland, Jr. (OPUS No. 0715488) filed a complaint on October 16, 2020, alleging deliberate indifference, due process violations and cruel and unusual punishment. DE-1. Plaintiff alleges that from January 2019 through the present, after he found out that he could file a grievance for being exposed to secondhand smoke, he says he did so (04/20/2020) and defendant Hughes laughed at him and told him it was a stupid grievance. *Id*. He further stated that defendant Hughes responded by stating, "as always staff will attempt to remove any and all contraband at the facility which should alleviate your issue." *Id*. After about a month, when nothing had changed, plaintiff submitted a second grievance (06/15/2020) which he admits was delivered to defendant Cahoon (now deceased) but defendant

2

Cahoon "breached his duty and was deliberately indifferent" when he failed to process the grievance. *Id*. Plaintiff then wrote a letter to Warden Sapper (07/21/2020) who failed to respond as well, resulting in the plaintiff submitting a third grievance based on failure to respond to the other two. *Id*. Defendant Cahoon did respond to that grievance (07/22/2020) with what the plaintiff considered a "generic response" and plaintiff appealed on the same day. *Id*. Plaintiff also complains that Defendants Dail, Dillard and Grande were deliberately indifferent when they failed to properly process or respond to said grievances. *Id*. He is grieving because he allegedly suffers from ETS (Environmental Tobacco Smoke) and second-hand smoke from K2 and marijuana. *Id*.

Plaintiff submitted two grievances during the relevant time period, but none of the grievances submitted related to the second-hand smoke facts alleged in Plaintiff's Complaint. (Declaration of Kimberly D. Grande ("Grande Decl."), attached as Exhibit A.

## **STANDARD OF REVIEW**

A motion to dismiss for failure to exhaust should be heard prior to any summary judgment motion determining the merits of the case. *Porter v. Nussle*, 534 U.S. 516, 525 (2002). "To do otherwise would unnecessarily undermine Congress's intent in enacting the Prisoner Litigation Reform Act's (PLRA) exhaustion requirement," which was to 'reduce the quantity and improve the quality of prisoner suits. *Id*. In *Bryant v. Rich*, 530 F.3d 1368 (11" Cir. 2008), the Eleventh Circuit outlined the process district courts should follow when presented with a motion to dismiss for failure to exhaust. The court held the defense should be treated as a matter in abatement under Fed.R.Civ.P. 12, and not an adjudication on the merits. *Id*. at 1374-75. "This means, procedurally, the defense is treated as a motion to dismiss for lack of jurisdiction, although it is not considered

a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11" Cir. 2008). When exhaustion is treated similarly to a motion to dismiss based on jurisdiction and not on rule 12(b)(6) for failure to state a claim, it is appropriate for the district court to consider facts outside of the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits, and the parties have sufficient opportunity to develop a record. *Id*, at 1376; Singleton v. Dep't of Corr's, 323 Fed.Appx. 783, 785 (11th Cir. 2009). In the analogous setting of personal jurisdiction defenses, a court may decide the issue without discovery or an evidentiary hearing. See Grayson *v. Anderson*, 816 F.3d 262, 269 (4th Cir. 2016). And, unlike a 12(b)(6) motion, the court can look beyond the pleadings themselves. *Id*, at 266.

And lastly, even after filing an answer, a court retains the ability to dismiss claims under the 12(b)(6) standard for failure to state a claim upon which relief can be granted. *See, e.g., ACLU of Md. V. Wicomico County, Md*, 999 F.2d 780, 784 (4th Cir. 1993) (dismissed Count II for failure to state a claim). After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A court reviews a 12(c) motion for judgment on the pleadings under the same standard as a motion to dismiss under Rule 12(b)(6). *Burbach Broad. Co. v. Elkins* Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To state a claim for relief, the Complaint must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkt.'s Inc.*, 213 F.3d at 180.

4

**LEGAL ARGUMENT**

Plaintiff's § 1983 claims should be dismissed because he has inexcusably failed to exhaust his administrative remedies prior to bringing suit for the secondhand smoke claims and there is no constitutional right to the grievance process.

**I.     THE PLAINTIFF WAS REQUIRED TO EXHAUST HIS ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS INITIAL COMPLAINT.**

The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). The PLRA's requirements of exhaustion of administrative remedies apply to all claims which arise under any federal law. *Id.* Congress enacted the PLRA's requirement to benefit prison systems and inmates by allowing the prison to address complaints before being subjected to suit, thereby reducing litigation, and improving litigation that does occur by "leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

In *Booth v. Churner*, the Supreme Court held that the PLRA required a prisoner to exhaust all administrative remedies available as a *precondition* to filing suit in federal court even if the relief sought could not be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (emphasis added). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

5

excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added); *accord Nelson v. Campbell*, 541 U.S. 637, 650 (2004). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. It also is well-established that failure-to-exhaust is an affirmative defense to be pleaded and proven by the defendants. *Jones,* 549 U.S. at 216; *see also Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005).

In addition, reasoning that no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings, the Supreme Court required prisoners to complete the administrative review process in accordance with the applicable procedural rules set forth by the agency, including the applicable deadlines. *Woodford v. Ngo*, 548 U.S. 81, 88-91 (2006). Proper exhaustion is determined by reference to institutional rules, and a prisoner is required to "complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones,* 549 U.S. at 218 (internal citations and quotation marks omitted). Thus, proper exhaustion requires the Plaintiff to comply with NCDPS's Administrative Remedy Procedure ("ARP").

The Fourth Circuit has recognized that the NCDPS has established, in its ARP, a three-step procedure which governs submission and review of inmate grievances. *Moore v. Bennette*, 517 F.3d 717, 721 (4th Cir. 2008). As an inmate, the Plaintiff was required to exhaust his administrative remedies with the NCDPS in accordance with the ARP, Subchapter G, § .0300 *et. seq.*,[1] attached hereto as Exhibit 1 to Grande Dec. An inmate does not exhaust his administrative

---

[1] This Court may take judicial notice of NCDPS' policies as they are official government records that are publicly available on the NCDPS website. *Fauconier v. Clarke*, 652 F. App'x. 217, 220 (4th Cir. 2016); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *see also* Fed. R. Evid. 201. This policy may be accessed at:

remedies with NCDPS until he completes all three steps of the ARP. *Id.* The Fourth Circuit only recognizes one non-statutory exception for a failure to exhaust administrative remedies, namely, when "a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725. There are no other special circumstances which warrant an exception to the rule of exhaustion. *Ross v. Blake*, 136 S. Ct. 1850 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account").

As noted above, Plaintiff's claims against Defendant Johnson are brought pursuant to 42 U.S.C. § 1983. Thus, in order to meet the PLRA requirements, the Plaintiff must have filed a grievance related to these alleged violations *and* fully pursued that grievance through all three steps of appeal *prior* to filing his initial Complaint, unless his failure to do so could be excused.

## II. PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES.

### a. Plaintiff was aware of the ARP.

Plaintiff failed to exhaust his administrative remedies even though he was aware of the ARP. The ARP is part of inmate orientation and is explained orally to each inmate. (Grande Dec., Ex. 1, § .0302(a)(1)) Moreover, the Plaintiff, by stating that he filed a grievance concerning the facts relating to this complaint, acknowledges that he is aware of the ARP. [D.E. 1, p. 9] Plaintiff has also filed multiple other grievances on unrelated matters that he has exhausted fully. (Id, Ex. 1, 2.) Therefore, the Plaintiff cannot reasonably claim that he was unaware of the ARP.

---

https://www.doc.state.nc.us/dop/policy_procedure_manual/g300.pdf.

### b. Plaintiff did not file a grievance concerning the allegations made in his Complaint.

Despite his assertion, and despite his multiple other grievances on unrelated matters, Plaintiff did not exhaust a grievance related to the allegations in the present matter. Whether Plaintiff's intention was to mislead the Court, Defendants cannot say. However, the credible evidence shows that Plaintiff did not exhaust a grievance concerning the second-hand smoke allegations in the present matter.

Plaintiff only has two grievances completed to exhaustion between January 1, 2019 through August 2021:

The first, 4880-2019-LPODD-11978, completing step III on 12/4/2019

Was concerning not having received the green card and signature confirmation on some outgoing mail.

Grande Dec., Exhibit 2.

And the second, 4880-2020-LPODD-12930, completing step III on 8/17/2020

was concerning not receiving a reply from another grievance filed on or about June 15, 2020.

Grande Dec., Exhibit 3.

### III. THE PLAINTIFF HAS NO EXCUSE FOR HIS FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

Plaintiff was not prevented from utilizing the ARP through exhaustion regarding this matter. He simply chose not to follow through with a grievance for the second-hand smoke facts he alleges in his Complaint (or any other claims not relating to the August 17, 2020 grievance). Plaintiff has no excuse for failing to exhaust his administrative remedy before filing this action, and therefore this action cannot proceed.

The two grievances completed to Step III, especially the grievance completed on August 17, 2020, conclusively demonstrate that 1., Plaintiff was aware of and knew how to exhaust the grievance process, and 2., that Defendants process Plaintiff's grievances through completion.

### II. Plaintiff has no constitutional right to the grievance process

**A. Plaintiff's remaining claims for which a grievance is exhausted are not recognized and must be dismissed.**

Plaintiff's only applicable grievance completed through Step III relates to the grievance process. Grand Dec., Exhibit 3, DE-1, pp. 7-9. Plaintiff alleges interference with his grievance, disrespectful statements regarding the subject matter of his grievance, and inadequate and generic responses violating his 5th amendment right to due process. DE-1, pp. 7-9.

Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. See *Hewitt v. Helms*, 459 U.S. 460, 467, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 U.S. App. LEXIS 1915, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); see also *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Specifically, North Carolina is not recognized as having a liberty interest in the grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)(cert denied 514 U.S. 1022 (1995).). "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state. See e.g., *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).; *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898, 102 L. Ed. 2d 231, 109 S. Ct. 242 (1988)." *Id*, at 75.

Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process. *Id. Therefore, Plaintiff's claims must be dismissed.*

## **CONCLUSION**

For the forgoing, Plaintiff's claims should be dismissed with prejudice.

10

Case 5:20-ct-03322-M   Document 38   Filed 12/27/21   Page 10 of 12

Respectfully submitted this the 27th day of December, 2021.

                                        JOSH STEIN
                                        Attorney General

                                        /s/ J. Locke Milholland, IV
                                        J. Locke Milholland, IV
                                        Assistant Attorney General
                                        N.C. State Bar No. 35449
                                        N.C. Department of Justice
                                        Post Office Box 629
                                        Raleigh, North Carolina 27602-0629
                                        Telephone: (919) 716-6500
                                        Fax: (919) 716-6761
                                        E-mail: jmilholland@ncdoj.gov

11

Case 5:20-ct-03322-M   Document 38   Filed 12/27/21   Page 11 of 12

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing **memorandum in support of MOTION to dismiss** with the Clerk of the Court using the CM/ECF system. I further certify that I have served a copy of same upon the Plaintiff, a *non-CM*/ECF participant via first-class regular United States Mail addressed as follows:

Ronald Keith Sutherland, Jr.
OPUS No. 0715488
Columbus Correctional Institution
1255 Prison Camp Road
Whiteville, NC  28472
*Pro se plaintiff*

This the 27th day of December, 2021.

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Assistant Attorney General