IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3322-M

RONALD KEITH SUTHERLAND, JR., )
)
)
Plaintiff, )
) ORDER
v. )
)
JOHN SAPPER, ASHLEY HUGHES, )
JASON W. COHOON, SEAN DILLARD, )
KIMBERLY D. GRANDE, LARRY )
DAIL, )
)
Defendants. )

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This action is before the court on plaintiff's motion for entry of default (D.E. 25). Also before the court is defendants' motion to dismiss and for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), respectively (D.E. 37). Plaintiff did not respond to defendants' motion to dismiss.[1] For the reasons discussed below, the court denies plaintiff's motion and grants defendants' motion.

STATEMENT OF THE CASE

On October 16, 2020, plaintiff filed the instant action alleging defendants violated his civil

---

[1] Defendants' motion to dismiss was filed on December 27, 2021. On January 4, 2022, plaintiff filed "Memorandum of Law; Reply to Defendant[s'] Answer and Responses; Counterclaim." However, this document was not a response to defendants' motion to dismiss but instead specifically addressed defendants' answer filed on September 27, 2021. (See Pl.'s Mem. (D.E. 42) at 1). Moreover, plaintiff's memorandum was stamped as being placed in the prison legal mail system on December 22, 2021, five days prior to when defendants' motion was filed. (See Pl. Envelope (D.E. 42-1)).

rights. Plaintiff contends his Fourth, Fifth, and Eighth Amendment rights were violated when he filed multiple grievances regarding second-hand smoke from cigarettes and synthetic marijuana, but defendants took no action to address the issue. (Compl. (D.E. 1) at 7–10; Am. Compl. (D.E. 6) at 1).[2]

After conducting its initial review, the court allowed the action to proceed on June 9, 2021. On September 13, 2021, plaintiff filed the instant motion for entry of default. On December 27, 2021, defendants filed the instant motion to dismiss supported by defendant Kimberly Grande's affidavit, the North Carolina Department of Public Safety's ("NCDPS") policy regarding the grievance process, and two sets of grievance documents.

On December 28, 2021, the court notified plaintiff about defendants' motion to dismiss, the consequences of failing to respond, and the response deadline. As noted, plaintiff did not respond.

## STATEMENT OF FACTS

The facts, as alleged in plaintiff's complaint, may be summarized as follows. Since January 2019, plaintiff has been breathing in second-hand smoke from cigarettes and synthetic marijuana. (Compl. (D.E. 1) at 7). Plaintiff filed a grievance concerning the second-hand smoke on April 20, 2020. (Id.). Defendant Ashley Hughes laughed at the grievance but provided an official step one response stating, "As always, staff will attempt to remove any and all contraband at the facility[,] which should alleviate your issue." (Id.). However, plaintiff continued to endure second-hand smoke. (Id.).

About a month later, plaintiff submitted a second grievance regarding the same matter. (Id.

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system.

2

at 8). Defendant Jason W. Cohoon ("Cohoon") did not provide a step on response as required. (Id.). Plaintiff wrote a letter to defendant John Sapper ("Sapper") regarding this lack of response. (Id.). However, defendant Sapper did not respond. (Id.).

Plaintiff wrote a third grievance regarding the lack of response from correctional staff. (Id.). On July 22, 2020, plaintiff received a generic step one response from defendant Cohoon. (Id.). Further, shortly thereafter, plaintiff asked defendant Cohoon about the grievance. (Id.). However, defendant Cohoon did not collect the contraband or prevent production of second-hand smoke. (Id. at 9).

Plaintiff wrote defendant Sean Dillard ("Dillard") about correctional staff's failure to address the second-hand smoke, but defendant Dillard failed to respond. (Id.). When plaintiff appealed one of his grievances to step three, defendant Kimberly D. Grande failed to adequately consider the underlying facts.[3] (Id. at 9–10). Plaintiff mailed defendant Larry Dail ("Dail") a grievance to which Dail failed to respond. (Id. at 10).

As a result of inhaling the second-hand smoke, plaintiff has experienced shortness of breath, increased heart rate, and heart palpitations. (Id. at 12). Thus, plaintiff has been prescribed an inhaler. (Id.).

## COURT'S DISCUSSION

A.  Motion for Entry of Default

Plaintiff seeks an entry of default against defendant Sapper. (Pl.'s Default Mot. (D.E. 25) at 1–2). The clerk must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

---

[3] It is unclear to which grievance plaintiff is referring.

3

Defendant Sapper's answer originally was due on September 9, 2021. (See Sapper Summons (D.E. 22)). On September 7, 2021, the court granted defendant Sapper's motion to extend his answer deadline to September 27, 2021. (Sept. 7, 2021, Ord. (D.E. 24)). Defendants, including defendant Sapper, filed their collective answer on September 27, 2021. (Def. Answer (D.E. 29)). Thus, defendant Sapper has not failed to plead or defend this action, and the motion is denied.

B.   Motion to Dismiss and for Judgment on the Pleadings

1.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Iqbal, 556 U.S. at 677–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

"[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 679–80. However, the court will not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" or "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255 (quotation marks and citations omitted). "Nor must [a court] accept as true allegations that contradict matters properly

4

subject to judicial notice." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). Although the court liberally construes pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), all complaints must contain "more than labels and conclusions," Twombly, 550 U.S. at 555.

"A [Federal Rule of Civil Procedure] 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) (citing Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012)). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." Id. Thus, such a motion should be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999).

2. Analysis

As noted above, defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before commencing this action.

The Prison Litigation Reform Act ("PLRA") states, in relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

5

they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Successful exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation, alteration, and internal quotation marks omitted).

Failure to exhaust available administrative remedies is an affirmative defense that defendants generally must plead and prove. See Jones, 549 U.S. at 216–17; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361–63 (4th Cir. 2017). When an inmate files suit prior to exhausting his administrative remedies, courts typically dismiss the action without prejudice. See Ford v. Johnson, 362 F.3d 395, 398, 401 (7th Cir. 2004).

"To properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." Jones, 549 U.S. at 218 (internal quotation marks omitted). Under a correctional institution's procedural rules, "untimely or otherwise procedurally defective administrative grievance[s] or appeal[s]" do not satisfy the PLRA's exhaustion requirement. Woodford, 548 U.S. 83–84, 90. Proper exhaustion requires a decision on the merits and compliance with procedural requirements for appealing that result. (Id. at 90).

The NCDPS has a three step Administrative Remedy Procedure ("ARP") for resolution of prison grievances. See DPS, Policy & Procedure Manual, Subchapter G, § 0300 et seq., available at https://www.ncdps.gov/adult-corrections/prisons/policy-procedure-manual (last visited Sept. 26, 2022); see also Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (detailing the policy). The ARP first encourages informal resolution. ARP § .0301(a). If informal resolution is unsuccessful, the "inmate may submit a written grievance on Form DC-410." Id. at § .0310(a)(1).

6

Within three days of submission, a screening officer reviews the step one grievance to "decide whether it should be accepted, rejected, or returned." Id. at § .0310(a)(4). If unsatisfied with the screening officer's step one decision, the inmate may request relief from the facility head ("step two"). Id. at § .0310(b)(1). If unsatisfied with facility head's decision, the inmate may appeal the grievance to the Secretary of Public Safety through the inmate grievance examiner ("step three"). Id. at § .0310(c)(1). The decision by the inmate grievance examiner or a modification by the Secretary of Public Safety constitutes the final step of the ARP. Id. at § .0310(c)(6). The ARP also provides that "a grievance shall be rejected at any level if," among other things, the grievance "challenges a disciplinary action." Id. at § .0306(b)(3).

In the instant case, defendants made an undisputed showing that plaintiff failed to exhaust administrative remedies. (See Def. Mem. (D.E. 38) at 7–9; Grande Aff. (D.E. 38-1) ¶ 10). As noted, plaintiff did not respond to the motion dismiss. Thus, he failed to provide evidence or arguments contesting defendants' showing. See Custis v. Davis, 851 F.3d 358, 362 (4th Cir. 2017) (confirming the "courts' ability to dismiss complaints for failure to exhaust administrative remedies when the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense"); Moore, 517 F.3d at 724–26 ("[E]ven if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue."). Furthermore, plaintiff waived the right to respond to the exhaustion defense when he failed to respond to defendants' motion to dismiss. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (providing that, when a party fails to respond to a motion to dismiss, the court may dismiss the claims on the undisputed grounds

7

therein).

Accordingly, because plaintiff did not respond to defendants' motion to dismiss disputing their assertion that plaintiff failed to exhaust administrative remedies before filing the instant action, the PLRA bars this action. See 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84–85.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for entry of default (D.E. 25) is DENIED. Defendants' motion to dismiss (D.E. 37) is GRANTED. Plaintiff's claims are dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of September, 2022.

/s/ Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

8