IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3322-M

| | |
|---|---|
| RONALD KEITH SUTHERLAND, JR., )<br>)<br>)<br>Plaintiff, )<br>) ORDER<br>v. )<br>)<br>JOHN SAPPER, ASHLEY HUGHES, )<br>JASON W. COHOON, SEAN DILLARD, )<br>KIMBERLY D. GRANDE, LARRY )<br>DAIL, )<br>)<br>Defendants. ) | |

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This action is before the court on remand by the United States Court of Appeals for the Fourth Circuit for this court (D.E. 52). Also before the court is plaintiff's motion for a writ of mandamus (D.E. 54). For the reasons state below, the court denies plaintiff's motion for a writ of mandamus and, after reconsideration of defendants' motion to dismiss, grants the motion in part and denies it in part.

STATEMENT OF THE CASE

On October 16, 2020, plaintiff filed the instant action alleging defendants violated his civil rights. Plaintiff contends his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution were violated when he filed multiple grievances regarding second-hand smoke

from cigarettes and synthetic marijuana, but defendants took no action to address the issue. (Compl. (D.E. 1) at 7–10; Am. Compl. (D.E. 6) at 1).[1]

After conducting its initial review, the court allowed the action to proceed on June 9, 2021. On August 11, 2021, defendants filed a notice of suggestion of death as to defendant Jason W. Cohoon ("Cohoon"). After the close of discovery, on December 27, 2021, defendants filed the instant motion to dismiss supported by defendant Kimberly Grande's ("Grande") affidavit, the North Carolina Department of Public Safety's ("NCDPS") policy regarding the grievance process, and two sets of grievance documents. Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), defendants argued plaintiff failed to state a claim and failed to exhaust his administrative remedies. (Def. Mem. (D.E. 38) at 3–8).

On January 4, 2022, plaintiff filed a verified document titled "Memorandum of Law; Reply to Defendant[s'] Answer and Responses; Counterclaim F.R.C.P." While filed after defendants' motion to dismiss, plaintiff signed the verified document December 20, 2021, seven days before the filing of defendants' motion to dismiss. (Pl.'s Resp. (D.E. 42) at 40). Additionally, the mailing envelope for the document was stamped as legal mail by the North Carolina Department of Public Safety ("NCDPS") Division of Prisons, on December 22, 2021, five days prior to the filing of defendants' motion. (Pl.'s Resp. Envelope (D.E. 42-1)). Plaintiff filed no other documents in January 2022.

On September 26, 2022, the court granted defendants' motion to dismiss determining plaintiff had failed to exhaust his administrative remedies. In its order, the court concluded plaintiff failed to respond to defendants' motion to dismiss because the verified document filed

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system.

2

January 4, 2022, was signed and stamped as legal mail prior to the filing of defendants' motion. (Sept. 26, 2022, Ord. (D.E. 44) at 1 n.1).

On October 6, 2022, plaintiff filed a notice of appeal. Plaintiff argued he had, in fact, mailed a response in opposition to defendants' motion to dismiss in January 2022. (Fourth Cir. Unpublished Op. (D.E. 52) at 2). On December 20, 2022, the Fourth Circuit vacated this court's September 26, 2022, order and remanded the case for further determination of whether plaintiff "in fact mailed a response in opposition and, if so, whether dismissal of the complaint is still the appropriate disposition." (Id.).

On January 6, 2023, plaintiff filed the instant motion for writ of mandamus. On January 18, 2023, plaintiff filed a "Memorandum of Law and Opposition to Defendant[s'] 'Motion to Dismiss.'"

Out of an abundance of caution, the court construes plaintiff's January 4, 2022, and January 18, 2023, filings as responses in opposition to defendants' motion to dismiss. Thus, the court reconsiders defendants' motion to dismiss below and considers both when readdressing the motion.

STATEMENT OF FACTS

The facts, as alleged in plaintiff's complaint, may be summarized as follows. At all times relevant to this action, plaintiff was housed in Bertie Correctional Institute ("BCI"). (Compl. (D.E. 1) at 7). Beginning January 2019, plaintiff has been breathing in second-hand smoke from cigarettes and synthetic marijuana. (Id.). Plaintiff filed a grievance concerning the second-hand smoke on April 20, 2020. (Id.). Defendant Lieutenant Ashley Hughes ("Hughes"), laughed upon receipt of the grievance but provided an official step one response stating, "As always, staff will

3

attempt to remove any and all contraband at the facility[,] which should alleviate your issue." (Id.). However, plaintiff continued to endure second-hand smoke. (Id.).

On June 15, 2020, plaintiff submitted a second grievance regarding the same matter. (Id. at 8). Defendant Cohoon, a unit manager, did not provide a step one response as required. (Id.). On July 21, 2020, plaintiff wrote a letter to defendant Warden John Sapper ("Sapper") regarding this lack of response and the continuation of the presence of second-hand smoke. (Id.). However, defendant Sapper did not respond. (Id.).

Also on July 21, 2020, plaintiff wrote a third grievance regarding the lack of correctional staff response to the previous two grievances. (Id.). On July 22, 2020, plaintiff received a generic step one response from defendant Cohoon and appealed the decision that same day. (Id.). Shortly thereafter, plaintiff asked Cohoon about the grievance and the continued issue of second-hand smoke plaintiff was experiencing. (Id. at 8–9). However, defendant Cohoon did not collect the contraband or prevent production of second-hand smoke. (Id. at 9).

On August 2, 2020, plaintiff mailed defendant Larry Dail ("Dail"), Director of Prisons, a letter and confidential grievance. (Id. at 10). Dail never responded. (Id.). On August 17, 2020, plaintiff wrote defendant Sean Dillard ("Dillard"), a member of BCI's grievance personnel, about correctional defendant Cohoon's failure to address plaintiff's second grievance, but defendant Dillard failed to respond. (Id. at 9; Attach. to Compl. (D.E. 1-1) at 8). When plaintiff appealed his third grievance, regarding staff's failure to properly address plaintiff's first two grievances, to step three, defendant Grande, the executive director of NCDPS, provided a response, also on August 17, 2020, that failed to adequately consider the underlying facts. (Compl. (D.E. 1) at 9–10).

4

As a result of inhaling the second-hand smoke, plaintiff has experienced shortness of breath, increased heart rate, and heart palpitations. (Id. at 12). Thus, plaintiff has been prescribed an inhaler. (Id.).

COURT'S DISCUSSION

A.   Motion for Writ of Mandamus (D.E. 54)

Plaintiff seeks a writ of mandamus instructing state officials to take certain actions. (Pl.'s Writ (D.E. 54)). This court does not have the authority to issue a writ of mandamus as to state officials. See Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). Further, a writ of mandamus is a drastic remedy that the court may invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016). A movant must first "exhaust[] all other avenues of relief" and is owed a "nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." (quotations omitted)). Plaintiff fails to show clear entitlement to this extraordinary remedy.

B.   Motion to Dismiss and for Judgment on the Pleadings (D.E. 37)

    1.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Iqbal, 556 U.S. at 677–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A] motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the

5

applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

"[I]n evaluating a Rule12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 679–80. However, the court will not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" or "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255 (quotation marks and citations omitted). "Nor must [a court] accept as true allegations that contradict matters properly subject to judicial notice." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). Although the court liberally construes pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), all complaints must contain "more than labels and conclusions," Twombly, 550 U.S. at 555.

"A [Federal Rule of Civil Procedure] 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) (citing Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012)). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." Id. Thus, such a motion should be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove

6

any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999).

    2.    Analysis

The court first addresses plaintiff's claims against deceased defendant Cohoon. Pursuant to Federal Rule of Civil Procedure 25(a)(1):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In this case, no motion for substitution of party was made as to defendant Cohoon within 90 days of service of the notice of suggestion of death. Therefore, the claims against defendant Cohoon are dismissed.

Next, the court addresses plaintiff's claims that defendants interfered with or improperly handled grievance procedures. While plaintiff appears to allege all defendants did not properly handle grievances in this case, these were the only claims brought against defendants Grande and Dillard. Prisoners do not have a constitutional right or due process interest in grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("Adams establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example."). Accordingly, plaintiff's claims of constitutional violation related to the handing of his grievances are dismissed, and defendants Grande and Dillard are dismissed from this action.

Lastly, regarding plaintiff's allegations that defendants were deliberately indifferent to the risk second-hand smoke posed to plaintiff's health, defendants argue plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust administrative remedies before filing a §1983 complaint. See 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."); Booth v. Churner, 532 U.S. 731, 741 (2001) (noting that exhaustion is required "regardless of the relief offered through administrative procedures."). Failure to exhaust administrative remedies is an affirmative defense that a defendant generally must plead and prove. See Jones, 549 U.S. at 216; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

The North Carolina Department of Public Safety ("DPS") has a three step Administrative Remedy Procedure ("ARP") for resolution of prison grievances. See Moore v. Bennette, 517 F.3d 717, 721–22 (4th Cir. 2008); see also Harris v. Midford, No. 1:10-CV-263-RJC, 2011 WL 1601446, at *2 (W.D.N.C. Apr. 27, 2011) ("North Carolina prisoners can satisfy the [PLRA's] exhaustion requirement by completing all three of the steps of the inmate grievance process, which culminates in the rendering of a decision upon the prisoner's appeal by the North Carolina Inmate Grievance Resolution Board.").

This ARP first encourages informal resolution. See NCDPS ARP § .0301(a), available at https://files.nc.gov/ncdps/div/Prisons/Policy_Procedure_Manual/G.0300_08_01_13.pdf (visited

8

Sept. 25, 2023).[2] If informal resolution is unsuccessful, the "inmate may submit a written grievance on Form DC-410." Id. at § .0310(a)(1). Within three days of submission, a screening officer reviews the step one grievance to "decide whether it should be accepted, rejected, or returned." Id. at § .0310(a)(4). If unsatisfied with the screening officer's step one decision, the inmate may request relief from the Facility Head ("step two"). Id. at § .0310(b)(1). If unsatisfied with Facility Head's decision, the inmate may appeal the grievance to the Secretary of Public Safety through the inmate grievance examiner ("step three"). Id. at § .0310(c)(1). "The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Public Safety shall constitute the final step of the Administrative Remedy Procedure." Id. at § .0310(c)(6).

The ARP further provides as follows: "If an inmate believes that a grievance is confidential in nature, his grievance may be submitted directly with the Director of Prisons and mailed as legal mail. The inmate must clearly explain the nature of the complaint and the reasons for not following the regular grievance procedure." Id. § .0309. Additionally, "[i]f at any level of the [ARP], including the final level, the inmate does not receive a response within the time provided for reply, including any properly noticed extension, the absence of a response shall be a denial at that level which the inmate may appeal." Id. § .0307(f)(5). An appeal process after filing a confidential grievance with the Director of Prisons is not addressed in the ARP.

Here, plaintiff acknowledges his first two grievances addressing conditions of confinement have not completed the three-step process of the ARP. (Compl. (D.E. 1) at 13). However, plaintiff also alleges he mailed a confidential grievance to defendant Dail, as Director of Prisons, explaining the unconstitutional conditions of confinement complained of in the first two grievances and the

---

[2] Where the ARP is publicly available and the authentication of which is not challenged by the parties, the court takes judicial notice of the policies. See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

9

failure of prison staff to address such issues.[3] (Id. at 10; see also Attach. to Compl. (D.E. 1-1) at 9, 24). Plaintiff did not receive a response, and thus, such nonresponse would be considered a denial under the ARP. See NCDPS ARP § .0307(f)(5). Accordingly, the court determines plaintiff has sufficiently alleged he has exhausted his administrative remedies as to his conditions of confinements claims regarding second-hand smoke. The court denies defendants' motion to dismiss and for judgment on the pleading as to plaintiff's conditions of confinement claims against defendant Sapper, Hughes, and Dail.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for writ of mandamus (D.E. 54) is DENIED. After reconsideration, defendants' motion to dismiss (D.E. 37) is GRANTED IN PART and DENIED IN PART. Defendants' motion is granted as to plaintiff's due process claims regarding defendants' handling of the grievance procedure. Defendants' motion is denied as to plaintiff's conditions of confinement claims against defendants Sapper, Hughes, and Dail. Plaintiff claims against defendants Cohoon, Dillard, and Grande are DISMISSED.

The parties are DIRECTED to file any motion for summary judgment within **21 days** of entry of this order. Any such motion shall address plaintiff's confidential grievance and letter to defendant Dail, and its relation to whether plaintiff has exhausted his administrative remedies for his conditions of confinement claims.

SO ORDERED, this the 25th day of September, 2023.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

---

[3] At this point, the court declines to address whether defendant Dail in fact received plaintiff's letter and grievance or used the proper procedure to send the documents.

10